1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY JAMA HALL, J.L.H. (minor          No.  2:14-cv-745-KJM-EFB PS
     child), J.I.T.H. (minor child),
12
                  Plaintiffs,
13                                             ORDER

             v.
14
     CALIFORNIA DEPARTMENT OF
15   SOCIAL SERVICES; WILL
     LIGHTBOURNE, DIRECTOR;
16   DEPARTMENT OF HEALTH AND
     HUMAN SERVICES; CHILD
17   PROTECTION SERVICES WORKERS,
     LISA HOLMAN (FOSTER
18   CARETAKER), et al., and DOES 1
     THROUGH 50, INCLUSIVE,
19
                  Defendants.
20

21

22          This case, in which plaintiffs are proceeding *in propria persona*, was referred to the

23   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiffs seek

24   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.  Their declaration makes the

25   showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to

26   proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

27          Determining that plaintiffs may proceed *in forma pauperis* does not complete the required

28   inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the

                                                 1

1    allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

2    which relief may be granted, or seeks monetary relief against an immune defendant.

3          Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

4    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

5    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

6    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

7    (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

8    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

9    a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

10   relief above the speculative level on the assumption that all of the complaint's allegations are

11   true." *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

12   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

13   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

14         In reviewing a complaint under this standard, the court must accept as true the allegations

15   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),

16   construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the

17   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy

18   the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)

19   "requires a complaint to include a short and plain statement of the claim showing that the pleader

20   is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds

21   upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing

22   *Conley v. Gibson*, 355 U.S. 41 (1957)).

23         Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

24   those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*,

25   511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,

26   confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction

27   requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a

28   "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be

2

1    authorized by a federal statute that both regulates a specific subject matter and confers federal

2    jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity

3    jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

4    matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*

5    *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction

6    of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of

7    subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*

8    *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

9         Plaintiffs' complaint is brought under 42 U.S.C. §§ 1983 and 1985.  The complaint is

10   difficult to decipher, but appears to allege that various defendants and local agencies relied upon

11   false statements about domestic violence to remove plaintiff Hall's two children from his home

12   and terminate his parental rights.[1]  ECF No. 3 at 6.  Plaintiffs claim that on March 15, 2011,

13   defendant Gisela Schue presented to the Sacramento Juvenile Court an application in support of a

14   protective custody warrant for the seizure of plaintiff J.L.H, one of Hall's children.  *Id*.

15   Defendant Schue also submitted information to the court indicating that plaintiff Hall had a

16   history of domestic violence and that there was a substantial risk that his child would suffer

17   serious harm or illness.  *Id*. at ¶¶ 27, 28, 30.  Schue also reported instances of child abuse and that

18   Hall had taken the child away from the mother without permission.  *Id*. at ¶¶ 32, 38.  Based on the

19   documents submitted, J.L.H. was removed from Hall's custody and placed in temporary

20   placement with the Department of Health and Human Services.  *Id*. at ¶¶ 42-50.  Plaintiffs further

21   claim that on January 30, 2012, Hall's other child, plaintiff J.I.T.H. was born.  *Id*. at ¶ 96.  This

22   child was also eventually removed from Hall's custody, and Hall's parental rights for both

23   children were subsequently terminated.  *Id*. at 20.

24   /////

---

25   [1]  The complaint's caption page names as defendants the California Department of Social

26   Services; Will Lightbourn, the director of the Department of Social Services; Department of
     Health and Human Service; Child Protection Services Workers; and Lisa Holman (foster

27   caretaker).  ECF No. 3 at 1.  However, the body of the complaint does not allege any claims
     against the California Department of Social Services and the Department of Health and Human

28   Services, but does identify other individuals not named on the caption page as defendants.

1    Plaintiffs purport to assert four claims for relief.  Plaintiffs' first, second, and fourth

2    claims are brought under 42 U.S.C. § 1983 for violation of their federal rights under the Fourth,

3    Sixth, and Fourteenth Amendments to the United States Constitution.  *Id*. at 22-24, 26-28.

4    Plaintiffs' third claim for relief purports to assert a conspiracy claim under 42 U.SC. § 1985.  *Id*.

5    at 25-26.  In addition to damages, the complaint requests the court stop any adoption proceeding

6    involving plaintiffs J.L.H. and J.I.T.H., and that the children be returned to plaintiff Hall's

7    custody.  *Id*. at 32.

8        As an initial matter, plaintiff Anthony Hall attempts to bring this suit on his own behalf

9    and on behalf of his minor children, J.L.H. and J.I.T.H.  While Hall may represent himself in this

10   action, he is not permitted to bring an action on behalf of the minor children without first

11   retaining an attorney.  *See Johns v. Cnty. of San Diego*, 114 F.3d 874, (holding that a non-attorney

12   guardian or parent may not bring an action on behalf of a minor child without retaining an

13   attorney).  Should Hall wish to proceed on his children's behalf, he must retain an attorney.

14   Therefore, the court construes the complaint as one brought solely by plaintiff Hall on his own

15   behalf.

16       Moreover, the complaint fails to allege sufficient facts to raise more than a speculative

17   right to relief on any of the claims asserts.  Plaintiff purports to assert three claims under 42

18   U.S.C. § 1983.  To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal

19   constitutional or statutory right; and (2) that the violation was committed by a person acting under

20   the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

21       The first cause of action purports to allege violations of plaintiff's rights under the Fourth

22   and Fourteenth Amendments by defendants Leona Williams, Jalu Xiong, Debra Williams, Julie

23   Escoto-Munoz, Victoria Deane, Steven Jahr and Will Lightbourne.  ECF No. 3 at 22-23.

24   Plaintiff alleges that these defendants had a duty to supervise and train child protective service

25   workers under their command, which included the obligation to promulgate and enforce rules and

26   regulations that would avoid "threats and abuse of process in the investigation of allegations of

27   child abuse."  *Id*.  Plaintiff also alleges that these defendants failed to instruct, discipline and train

28   defendant Gisela Schue in the appropriate methods for handling and investigating allegations of

4

1 │ child abuse. *Id*. at 23. Plaintiff further allege that Schue's supervisors tacitly authorized a policy

2 │ or custom of threatening parents, and that such policy was "enacted and enforced with deliberate

3 │ indifference to the constitutional rights of" plaintiff. *Id*. at 23.

4 │       Under § 1983, plaintiff must demonstrate that the defendants holding supervisory

5 │ positions personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930,

6 │ 934 (9th Cir. 2002). There is no respondeat superior liability under § 1983, and each defendant is

7 │ only liable for his or her own misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

8 │ However, liability under § 1983 may be imposed on supervisors if: (1) the supervisor personally

9 │ participated in the deprivation of constitutional rights, (2) the supervisor knew of the violations

10 │ and failed to act to prevent them, or (3) the supervisor "implement[ed] a policy so deficient that

11 │ the policy itself 'is a repudiation of constitutional rights' and is 'the moving force of the

12 │ constitutional violation.'" *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991)

13 │ (en banc), *abrogated on other grounds by Farmer*, 511 U.S. at 825. Plaintiff's complaint does

14 │ not provide any allegations demonstrating that defendants Williams, Xiong, Williams, Escoto-

15 │ Munoz, Deane, Jahr and Lightbourne personally engaged in conduct that violated plaintiff's

16 │ constitutional rights, nor does it contain any allegations demonstrating the existence of a policy or

17 │ custom that resulted in the deprivation of his constitutional rights.

18 │       Furthermore, while a supervisor's failure to train subordinates may constitute the type of

19 │ personal involvement on which § 1983 liability may be premised, plaintiff's allegations fall short

20 │ of stating a claim against these defendants for failure to train defendant Schue. To state a claim

21 │ for failure to train, a plaintiff must allege facts that show that the alleged failure amounted to

22 │ deliberate indifference. *Cannell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir.1998). The complaint

23 │ must allege facts showing that the training provided was inadequate and that the inadequacy was

24 │ the result of a conscious choice by the supervisory defendant. *Id*. at 1213–14; *see also Clement v.*

25 │ *Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts showing that, in light of

26 │ the duties assigned to specific individuals, the need for more or different training is so obvious,

27 │ and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers

28 │ can reasonably be said to have been deliberately indifferent to that need). Plaintiff alleges these

5

1   defendants failed to adequate train defendant Schue, but provides no specific fact in support of

2   this conclusion.  Additionally, plaintiff fails to identify the specific constitutional provision these

3   defendants purportedly violated.  Accordingly, plaintiff's first claim for relief must be dismissed.

4           Plaintiff's second claim is similarly deficient.  His second claim alleges that defendants

5   Leona Williams, Jula Xiong, Debra Williams, Julie Escoto-Munoz, Victoria Deane, Steven Jahr,

6   Stacy Boulware-Eurie and Will Lightbourne violated his rights under the Sixth and Fourteenth

7   Amendments.  ECF No. 3 at 23.  Specifically, plaintiff alleges that defendants Escoto-Munboz,

8   Williams, Xiong, Williams, and Lightbourne failed to properly hire, supervise, train, discipline,

9   and control child protective services workers, and that the failure to properly supervise and train

10  was based on a policy or custom.  *Id*. at 23-24.  Plaintiff further allege that defendants Judge

11  Stacy Boulware-Eurie, presiding family court judge, and Steven Jahr, the "Director of the

12  Courts," failed to properly hire, supervise, train, discipline, and control Judge Daniel Horton, and

13  Judge Marlene Hertoghe.  *Id*. at 23.  However, plaintiff fails to provide any factual allegations in

14  support of his legal conclusions that these defendants failed to adequate supervise and train their

15  subordinates.  Accordingly, this claim must also be dismissed.

16          The fourth cause of action, and final section 1983 claim, purports to assert claims for

17  violation of the plaintiff's rights to due process and equal protection.  However, under this "cause

18  of action," plaintiff claims that the "acts and/or omission of defendants" violated the "Fifth, Sixth,

19  Eighth, and Fourteenth Amendments rights under the United States Constitution to due process,

20  compulsory process, equal protection, and freedom from excessive punishment without

21  conviction beyond a reasonable doubt." *Id*. at 26-27.  The complaint further alleges that plaintiff

22  was deprived of his "fundamental rights to privacy and freedom from excessive interference with

23  bonding and with raising a family."  As drafted, the court is unable to discern the precise cause of

24  action plaintiffs intend to allege.  Furthermore, plaintiff fails to provide any factual allegations in

25  support of this claim.  As plaintiff has failed to identify a precise constitutional provision

26  defendants violated, and provides no factual allegations in support of the alleged violation(s),

27  plaintiff has failed to give defendants "fair notice of what the claim is and the grounds upon

28  /////

1   which it rests." *Twombly*, 550 U.S. at 554, 562-563 (2007).  Accordingly, this claim must also be

2   dismissed.

3          Plaintiff's last claim is a conspiracy claim against all defendants under § 1985(c).  ECF

4   No. 3 at 5, 25-26.  Section 1985(3) creates a civil action for damages caused by two or more

5   persons who "conspire . . . for the purpose of depriving" the injured person of "the equal

6   protection of the laws, or of equal privileges and immunities under the laws" and take or cause to

7   be taken "any act in furtherance of the object of such conspiracy."  42 U.S.C. § 1985(3).  The

8   elements of a § 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the

9   equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury.

10  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d

11  1275, 1284 (9th Cir. 1998)).  The first element requires that there be some racial or otherwise

12  class-based "invidious discriminatory animus" for the conspiracy.  *Bray v. Alexandria Women's*

13  *Health Clinic*, 506 U.S. 263, 268–69 (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir.

14  1985). Moreover, a plaintiff cannot state a conspiracy claim under § 1985 in the absence of a

15  claim for deprivation of rights under 42 U.S.C. § 1983.  *See Caldeira v. Cnty. of Kauai*, 866 F.2d

16  1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights

17  precludes a section 1985 conspiracy claim predicated on the same allegations"), *cert. denied*, 493

18  U.S. 817 (1989).

19         Here, plaintiff has not adequately alleged any deprivation of his constitutional rights, nor

20  has he alleged any facts demonstrating that there was any agreement or "meeting of the minds"

21  by the defendants to deprive him of his constitutional rights.  Plaintiff also has not alleged any

22  facts showing that there was any invidiously discriminatory or racial or class-based animus on the

23  part of defendants.  Therefore, he has failed to state a conspiracy claim under § 1985(3).[2]

24  /////

25

26         [2]  The caption page of the complaint references 42 U.S.C. § 1986, but it does not appear
    from the body of the complaint that plaintiff intended to assert a claim under § 1986.  In any
27  event, absent a valid claim for relief under section 1985, there is no cause of action under § 1986.
    *Trerice v Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985).  As plaintiff has not alleges a valid
28  § 1983 claim, any claim under § 1986 necessarily fails.

7

1          Furthermore, the complaint names as defendants Judge Daniel Horton, Judge Stacy

2    Boulware-Eurie, and Judge Marlene Hertoghe.  However, judges are absolutely immune from suit

3    for judicial actions taken by them in the course of their official duties in connection with a case,

4    unless those actions are taken in the complete absence of all jurisdiction.  *Mireles v. Wavo*, 502

5    U.S. 9, 11-12 (1991).  The complaint is devoid of any factual allegations that these judicial

6    officers acted outside the scope of their judicial capacity or lacked jurisdiction.  Therefore, Judges

7    Horton, Boulware-Eurie, and Hertoghe are immune from liability.  *See Pierson v. Ray*, 386 U.S.

8    547, 554 (1967) (finding that judicial immunity is applicable to § 1983 actions).

9          Moreover, although plaintiff Hall seeks the returned custody of his children, under the

10   *Rooker-Feldman* doctrine, a federal district court does not have subject-matter jurisdiction to hear

11   an appeal from the judgment of a state court.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,

12   544 U.S. 280, 283–84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S.

13   462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).  The *Rooker–Feldman*

14   doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are

15   raised in the subsequent federal case, or if the constitutional claims presented to the district court

16   are "inextricably intertwined" with the state court's denial of relief.  *Bianchi v. Rylaarsdam*, 334

17   F.3d 895, 898–99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16).  *Rooker–Feldman*

18   thus bars federal adjudication of any suit whether a plaintiff alleges an injury based on a state

19   court judgment or directly appeals a state court's decision.  *Id.* at 900 n.4.  The district court lacks

20   subject matter jurisdiction either to conduct a direct review of a state court judgment or to

21   scrutinize the state court's application of various rules and procedures pertaining to the state case.

22   *Samuel v. Michaud*, 980 F. Supp. 1381, 1411–12 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir.

23   1997); *see also Branson v. Nott*, 62 F.3d 287, 291–92 (9th Cir. 1995) (finding no subject matter

24   jurisdiction over section 1983 claim seeking, *inter alia*, implicit reversal of state trial court

25   action).  "That the federal district court action alleges the state court's action was unconstitutional

26   does not change the rule."  *Feldman*, 460 U.S. at 486.  In sum, "a state court's application of its

27   rules and procedures is unreviewable by a federal district court.  The federal district court only

28   has jurisdiction to hear general challenges to state rules or claims that are based on the

8

1    investigation of a new case arising upon new facts." *Samuel*, 980 F. Supp. at 1412–13.  Thus, to

2    the extent plaintiff seeks to challenge a state court decision terminating his parental rights, such a

3    claim is barred.

4           Plaintiff also asks this court to stop adoption proceedings regarding his two minor

5    children.  Plaintiff, however, must use state court processes to address any issues concerning any

6    ongoing adoption proceedings.  *Younger v. Harris* held that federal courts should not enjoin

7    pending state criminal proceedings except under extraordinary circumstances.  401 U.S. 37, 49,

8    53 (1971).  The Younger abstention doctrine has since been extended to civil actions.  *See*

9    *Gilbertson v. Albright*, 381 F.3d 965, 971–72 (9th Cir. 2004) (en banc).  Thus, federal courts

10   should refrain from exercising jurisdiction in actions for injunctive or declaratory relief that

11   would interfere with pending state judicial proceedings.  *See Gilbertson*, 381 F.3d at 975, 978.  In

12   the Ninth Circuit, *Younger* abstention prevents a court from exercising jurisdiction when three

13   criteria are met: 1) there are ongoing state judicial proceedings; 2) an important state interest is

14   involved; and 3) there is an adequate opportunity to raise the federal question at issue in the state

15   proceedings.  *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).  A court may

16   consider *sua sponte* whether *Younger* abstention should be invoked.  *See id.*

17          It appears that these factors are met.  Plaintiff's requests that the court stop adoption

18   proceedings indicates that child custody proceedings are ongoing in state court.  Further, plaintiff

19   should be able to raise any federal questions at issue in those state proceedings.  In addition, and

20   perhaps more fundamentally, federal district courts have no jurisdiction over child custody issues,

21   which are exclusively matters of state law.  *See Ankenbrandt v. Richards*, 504 U.S. 689 (1992).

22   Accordingly, this court should abstain from intervening in issues that can be addressed in ongoing

23   state proceedings.

24          Based on the foregoing, plaintiff's complaint will be dismissed.  However, plaintiff is

25   granted leave to file an amended complaint, if he can allege a cognizable legal theory against a

26   proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*,

27   203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an

28   opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to

9

1    file an amended complaint, the amended complaint shall clearly set forth the allegations against

2    defendant and shall specify a basis for this court's subject matter jurisdiction.  Any amended

3    complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as

4    practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure

5    10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as

6    required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended

7    complaint shall also use clear headings to delineate each claim alleged and against which

8    defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts

9    that support each claim under each header.

10        Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

11   make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

12   complete in itself.  This is because, as a general rule, an amended complaint supersedes the

13   original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

14   plaintiff files an amended complaint, the original no longer serves any function in the case.

15   Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

16   alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

17   1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*

18   *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to

19   comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order

20   may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

21        Accordingly, IT IS ORDERED that:

22        1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

23        2.  Plaintiff's complaint is dismissed with leave to amend, as provided herein.

24        3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

25   complaint.  The amended complaint must bear the docket number assigned to this case and must

26   /////

27   /////

28   /////

10

1    be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance

2    with this order will result in a recommendation this action be dismissed.

3    DATED:  May 4, 2015.

4

5                                                                    EDMUND F. BRENNAN
                                                                     UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28