1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9        FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   ANTHONY JAMA HALL,                    No.  2:14-cv-00745-KJM-EFB

12                Plaintiff,

13        v.                               ORDER

14   CALIFORNIA DEPARTMENT OF
     SOCIAL SERVICES, et al.,
15
16                Defendants.

17

18            On March 21, 2014, plaintiff Anthony Jama Hall ("Hall") filed a complaint against

19   defendants California Department of Social Services, Director of California Department of Social

20   Services Will Lightbourne, Department of Health and Human Services, Child Protection Services

21   Workers, Lisa Holman and other unnamed doe defendants, ECF No. 1, and a motion to proceed

22   in forma pauperis, ECF No. 2.  Hall subsequently filed an amended complaint on April 11, 2014,

23   alleging defendants removed Hall's two children from his home and terminated his parental rights

24   based on false statements about domestic violence.  ECF No. 3 at 6.  On January 15, 2015,

25   plaintiff filed a notice of change of address.  ECF No. 10.  On May 5, 2015, the magistrate judge

26   granted Hall's motion to proceed in forma pauperis and dismissed the complaint with leave to

27   amend.  ECF No. 12.  The magistrate judge stated in his order that Hall has failed to state a

28   cognizable claim, but could amend the complaint to do so with sufficient facts in support,

                                              1

specifying a basis for the court's subject matter jurisdiction. *Id.* at 9–10.  The magistrate judge provided the format of an amended complaint as required by Federal Rule of Civil Procedure 10(b).  *Id.*  The complaint was served on Hall on May 6, 2015 by mail.  Also on that date, the magistrate judge issued a minute order vacating the hearing on plaintiff's motion to proceed in forma pauperis, having already addressed the issue in the order issued on May 5, 2015.  ECF No. 13.

On June 1, 2015, Hall filed a motion for extension of time to file the amended complaint, a motion to appoint counsel, and a motion to reconsider the magistrate judge's May 5, 2015 order.  ECF No. 14.  On June 18, 2015, the magistrate judge granted the motion for extension of time but denied the motion to appoint counsel.  ECF No. 15.  The magistrate judge gave Hall thirty (30) days from the date of service to amend the complaint and file a motion for reconsideration.  *Id.*  The order was served on Hall by mail on June 18, 2015.

On July 28, 2015, after the 30-day period expired, the magistrate judge issued an Order and Findings and Recommendations, recommending that the action be dismissed under Federal Rule of Civil Procedure 41(b) for Hall's failure to prosecute.  ECF No. 16.  The order was served on Hall by mail on the same day.  On September 16, 2015, with no response from Hall on the docket, this court adopted the magistrate judge's Findings and Recommendations in full and dismissed the action based on Federal Rule of Civil Procedure 41(b) and Local Rule 110.  ECF No. 17.  Judgement was entered on the same date in favor of defendants against Hall.  ECF No. 18.  The order was served on Hall by mail the same day.

Almost a month later, on October 13, 2015, Hall filed a notice of change of address, noting that his address had changed on September 3, 2015.  ECF No. 19.  While the address was initially erroneously updated on the docket, the court did not send any mail to Hall at the erroneous address, since corrected.[1]

---

[1] Although there are numerous "mail returned as undeliverable" entries on the docket, they are with respect to Hall's children whose addresses were never updated after the magistrate judge found that Hall may only bring an action on behalf of himself in this case and is not permitted to bring an action on behalf of a minor child without retaining an attorney for them. ECF No. 12 at 4.

1            On December 31, 2015, Hall filed the current motion for relief from judgment

2    based on Federal Rule of Civil Procedure 60(b), titling his filing "motion to reopen case."  ECF

3    No. 20.  He requests that the court set aside its order dismissing the action based on a

4    communication failure.  ECF No. 20 at 7.  Hall contends the court should grant the motion

5    because the United States Postal Service ("USPS") failed to forward his mail to him after he

6    changed his address on September 3, 2015.  *Id.*

7            The court finds that Hall has not demonstrated that relief from judgment is

8    warranted under Rule 60(b).  Hall only generally argues for relief but fails to provide a reason

9    other than the USPS did not forward his mail.  However, because Hall did not change his address

10   until September 3, 2015, the only mail from this court that may have been affected by the change

11   of address was this court's order adopting the magistrate judge's findings and recommendations

12   issued on September 16, 2015.  Hall's argument does not address why he did not respond to the

13   magistrate judge's June 18, 2015 order and amend his complaint, or why he did not oppose the

14   findings and recommendations issued on July 28, 2015, and served on Hall the same day.

15           Accordingly, Hall's motion for relief from judgment is DENIED.

16           IT IS SO ORDERED.

17   DATED:  February 12, 2016

18

19   _____

20   UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28