UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JAMAL HALL, et al., | No. 2:14-cv-0745-KJM-EFB |
| Plaintiffs, | |
| v. | |
| CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, et al., | |
| Defendants. | |

Plaintiff Anthony Hall is not represented by counsel in this case. This matter is before the court on Hall's motion for reconsideration of judgment, ECF No. 39, and Hall's motion for recusal/disqualification of the undersigned, ECF No. 40. The matter was submitted without a hearing on September 15, 2016. ECF No. 41. For the reasons discussed below, the court DENIES both motions.

I. BACKGROUND

On July 28, 2015, the magistrate judge assigned to this case issued findings and recommendations, which recommended dismissal after Hall did not timely file an amended complaint. ECF No. 16. These findings and recommendations were served by mail the same day they were issued. Hall was allowed fourteen days to object. *Id.* He did not file objections. The

/////

1

1  court adopted the magistrate judge's findings and recommendations in full on September 16,
2  2015, ECF No. 17, and judgment was entered on the same date, ECF No. 18.
3        On December 31, 2015, Hall moved to reopen the case.  ECF No. 20.  He
4  explained that the U.S. Postal Service had not forwarded his mail after he changed his address on
5  September 3, 2015. *Id.* at 7.  On February 16, 2016, the court denied his motion.  ECF No. 21.
6  The court found that because Hall did not change his address until September 3, 2015, the only
7  mail he could not have received as a result of a postal system failure was the court's order
8  adopting the magistrate judge's findings and recommendations.  *Id.* at 3.  That is, he did not
9  explain why he did not respond to the magistrate judge's findings and recommendations, which
10 were filed and served by mail on July 28, 2015.  *See id.*[1]  On February 29, 2016, Hall moved for
11 reconsideration, ECF No. 22, and in a memorandum and declaration filed in support of his motion
12 reiterated his difficulties with the Postal Service.  *See* Mem. 16, ECF No. 25; Hall Decl. ¶¶ 26–
13 34, ECF No. 25-1.  He did not address whether he received the magistrate judge's findings and
14 recommendations or explain why he did not object to them.  On March 2, 2016, the court denied
15 Mr. Hall's motion and warned that "[s]imilar requests for reconsideration filed in the future will
16 be disregarded."  ECF No. 26 at 2.
17   II.     DISCUSSION
18      A.  Motion for Reconsideration
19       Hall's instant motion for reconsideration repeats the same allegations as the
20 motion for reconsideration the court denied on March 2, 2016.  ECF No. 39.  The court already
21 warned that similar motions would be disregarded.  ECF No. 26 at 2.  Accordingly, the court
22 DISREGARDS Hall's motion for reconsideration.
23 /////
24 /////
25 /////
26

---

[1] This order erroneously stated a "complaint" was served on Hall on May 6, 2015. *See id.* at 2:3.  Rather, the magistrate judge's *minute order* at ECF No. 13 was served on Hall that day by mail.

2

B.  Motion for Recusal

Hall's motion to disqualify/recuse proffers no basis for disqualification or recusal under 28 U.S.C. §§ 144 or 455, repeats the same allegations as his motion for reconsideration, and is untimely.

Hall bases his recusal motion on the statutory language of 28 U.S.C. §§ 144 and 455. ECF No. 40 at 1. "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quotation and citation omitted). "Ordinarily, the alleged bias must stem from an 'extrajudicial source.'" *Id.* at 1454 (quoting *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)). In *Liteky*, the Supreme Court explained, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 554–56.

Here, Hall presents no facts or arguments tending to show the court harbored any bias or prejudice due to extraterritorial sources, and points only to the court's ultimate decision as proof of bias. ECF No. 40. Hall bases his motion on arguments relating to why he believes this court's adoption of the magistrate's findings and recommendations was in error, and why the judgment in this case violated his due process rights. ECF No. 40. A motion for recusal under 28 U.S.C. §§ 144 and 455 is not the appropriate vehicle for re-litigation of the merits of Hall's case, nor assertion of due process violations. *See Hernandez*, 109 F.3d at 1453–54.

In addition to citing inadequate grounds for recusal, Hall's recusal motion is untimely. To avoid the waste of judicial time and resources, a request for judicial disqualification should be filed as soon as the party has reason to know of a judge's potential bias. *Molina v. Rison,* 886 F.2d 1124, 1131 (9th Cir. 1989) ("[I]t is well established that a motion to disqualify or recuse a judge under 28 U.S.C. § 144 [as well as] ... § 455 must be made in a timely fashion.") (citation omitted); *see also Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991) (explaining parties must file a recusal with "reasonable promptness after the ground for such a motion is ascertained."). This court was assigned to hear the case in early 2014, and the court

1 adopted the magistrate's findings and recommendations on September 16, 2015, ECF No. 17.
2 Hall did not file his motion for recusal until August 15, 2016, nearly one year after the court's
3 judgment in the case, and provides no explanation for his delay.
4      In addition to being untimely, Hall's request for recusal merely repeats the same
5 allegations he makes in his motion for reconsideration, which the court already has resolved.
6 Accordingly, Hall's motion for disqualification is DENIED.
7      In sum, Hall's motion for reconsideration is DISREGARDED and his motion for
8 disqualification is DENIED.   All similar motions will be disregarded in the future without
9 comment.
10     IT IS SO ORDERED.
11     This resolves ECF Nos. 39 and 40.
12 DATED:  December 7, 2016.

_____
UNITED STATES DISTRICT JUDGE